**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARENCE D. SCHREANE, | |
| Petitioner, | CIVIL ACTION NO. 3:CV-14-0246 |
| v. | (JUDGE CAPUTO) |
| JEFF THOMAS, Warden, et al., | (MAGISTRATE JUDGE BLEWITT) |
| Respondents. | |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Thomas M. Blewitt's Report and Recommendation ("R & R") (Doc. 15) to Petitioner Clarence D. Schreane's Petition for Writ of Habeas Corpus (Doc. 1).  Also before the Court are Petitioner's Objection to the R & R (Doc. 18), Respondent's Brief in Opposition to Petitioner's Objection (Doc. 19), and Petitioner's Supplemental Objections to the R & R (Doc. 20).  Magistrate Judge Blewitt recommended that Mr. Schreane's Petition be dismissed without prejudice for failure to exhaust administrative remedies.  Because the prison mailbox rule does not apply to administrative remedy form BP-10, and thus Petitioner failed to exhaust administrative remedies as required by 28 U.S.C. § 2241, the Report and Recommendation will be adopted and the Petition will be dismissed.

**I. Background**

This *pro se* petition arises out of events that occurred while Petitioner Clarence D. Schreane was incarcerated at Allenwood United States Penitentiary ("USP-Allenwood") in White Deer, Pennsylvania.  Respondent Jeff Thomas is the Warden at United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), where Petitioner Schreane is currently incarcerated.  The underlying facts are set forth in detail in Magistrate Judge Blewitt's R & R (Doc. 15).

For purposes of review of the instant R & R, it is sufficient to note that Petitioner Schreane asserts that he was denied due process of the law, stemming from an incident report (#2498958) filed against him on October 1, 2013.  (Doc. 15, 1.)  As a result of this

incident report, he was found guilty of violating a prison rule by a Discipline Hearing Officer (DHO) in a prison disciplinary hearing, and received a copy of the DHO's findings on October 10, 2013.  (Doc. 15, 4.)  Schreane appealed his disciplinary conviction by submitting an administrative remedy form BP-10, which the Bureau of Prisons (BOP) Regional Office filed on November 4. (*Id.*)  The BOP rejected this form as untimely, as the deadline for filing it was October 30. Prisoners have twenty (20) days after receiving a copy of the DHO's report to file an administrative appeal by means of a BP-10 form.  (*Id.*)

The Regional Office directed Petitioner to get a verification form prison staff stating why his appeal was untimely and to then re-submit his BP-10 with the staff verification within ten (10) days.  (*Id.*)  Petitioner re-filed his BP-10 appeal to the Regional Office on December 5, 2013, but it was again rejected since Petitioner failed to include the requisite staff verification stating the reason for the delay in submitting his BP-10.  (*Id.*)

On December 30, 2013, Petitioner filed an administrative remedy form BP-11 with the BOP Central Office appealing this disciplinary conviction.  (*Id.*)  It was also rejected, because Petitioner failed to first properly file his BP-10 with the Regional Office and have it denied at the Regional Office level.  (*Id.*)

On February 12, 2014, Schreane filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in court, challenging the process he received with respect to the DHO hearing on Incident Report #2498958.  (Doc. 1.)  Schreane requested that the Court restore the good conduct time credits he lost as a sanction after he was found guilty, and also expunge his record. (Doc. 1, 16.)

On March 19, 2014, Magistrate Judge Blewitt issued an Order to Show Cause requiring Respondents to show cause why Schreane should not be granted a Writ of Habeas Corpus (Doc. 8).  On April 8, Respondent Thomas filed a Response (Doc. 11) contending that Schreane's petition should be dismissed for failure to exhaust administrative remedies, which the United States Court of Appeals for the Third Circuit has held is a prerequisite to filing a habeas corpus petition pursuant to § 2241. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996).  Respondent asserted that because

Schreane's administrative appeal was not filed until after the filing deadline, Schreane failed to exhaust administrative remedies and so is barred from bringing this action in court. Alternatively, Respondent asserted that Schreane did receive adequate due process, as the DHO met evidentiary and due process requirements in conducting Schreane's disciplinary hearing, and imposed sanctions which were within his authority to impose. (*Id.* at 2.) Respondent supplemented his response with the Declaration of Jennifer Knepper, a BOP Attorney Advisor at USP-Lewisburg, and supporting exhibits (Doc. 11-2).

Schreane filed a Traverse Motion in reply on April 21, 2014 (Doc. 13), reasserting that he had indeed attempted to exhaust administrative remedies. He argued that while his form BP-10 may not have been filed until after the October 30 deadline, he had documented that he had mailed the form on October 15, well in advance of the deadline, and since he is incarcerated, he cannot control the timing of his filings after he gives them to prison officials for mailing. Furthermore, he contended that an administrative remedy form is a legal filing, and so the prison mailbox rule should apply–that is, his document should be considered filed at the moment he delivers it to prison officials for mailing. This rule was set out by the United States Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988). Schreane further argued that there is an exception to the exhaustion requirement in instances where prison authorities prevent a prisoner from filing administrative remedies, and this is applicable in this instant case.

On April 28, 2014, Magistrate Judge Blewitt issued the R & R (Doc. 15). He determined that Petitioner failed to properly exhaust his BOP administrative remedies, and so his petition should be dismissed. (*Id*. at 5.) The Magistrate Judge also determined that "the evidence does not show that Petitioner was prevented from properly exhausting his administrative remedies by prison staff." (*Id.*)

On May 12, 2014, Schreane filed an Objection to the R & R (Doc. 18). On May 27, Respondent Thomas filed a Brief in Opposition to Schreane's objections and in favor of adopting the R & R (Doc. 19). On June 4, Petitioner filed supplemental objections to the R & R (Doc. 20). Thus, the Report and Recommendation is ripe for disposition.

## II. Legal Standard

Where objections to a magistrate judge's R & R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

As noted, Magistrate Judge Blewitt recommends that the petition be dismissed with prejudice, because Petitioner Schreane failed to first exhaust BOP administrative remedies through the prison grievance process. Because Magistrate Judge Blewitt only discussed and based his opinion upon Petitioner's failure to exhaust administrative remedies, my review of the record and of Schreane's petition only addresses this analysis as well.

In his objections (Doc. 18), Petitioner Schreane argues that the R & R should be rejected because he did attempt to exhaust his administrative remedies, and his rights were indeed violated. The United States Court of Appeals for the Third Circuit has set out that a prisoner must exhaust administrative remedies prior to filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Where a prisoner has not availed himself of administrative remedies, he is barred from bringing a suit in federal court under § 2241.

4

Petitioner's claim that he did attempt to exhaust his administrative remedies rests on his assertion that his administrative remedy form, Form BP-10, was "legal mail." Thus, the prison mailbox rule (detailed above in part I) applies and his form should have been considered timely. In his R & R, Magistrate Judge Blewitt determined that the prison mailbox rule does not apply with respect to Form BP-10 in cases brought under § 2241.

Schreane's assertion that his Form BP-10 is subject to the prison mailbox rule, and thus was timely filed, rests on his reading of 28 C.F.R. § 540.21(d), which provides that: "[a]n inmate who has neither funds nor sufficient postage and who wishes to mail legal mail (includes courts and attorneys) or Administrative Remedy forms will be provided the postage stamps for such mailing." Schreane asserts that according to the language of this regulation, administrative remedy forms such as BP-10 *are* legal mail. (Doc. 15, 2.) However, a plain reading of the text, as suggested by Respondent Thomas in his Memorandum in opposition to objections (Doc. 19), indicates that this is not the case. The text applies to legal mail "or" administrative remedy forms, clearly establishing that they are two separate entities, not that they are one and the same.

Furthermore, Magistrate Judge Blewitt correctly found that BP-10 administrative remedy forms are not subject to the prison mailbox rule, under the factually similar and persuasive *Wall v. Holt*, 2007 WL 89000 (M.D. Pa. Jan 9, 2007). In *Wall*, the court found that the prison mailbox rule does not apply to BP-10 forms because the regulation setting it out is very clear that "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18. Furthermore, as Magistrate Judge Blewitt noted, the court in *Wall* found that

> Program Statement 1330.13, the BOP's *Administrative Remedy Program* notes that the time periods for filing appeals to the regional director and central office are "deliberately long to allow sufficient mail time. Inmates should mail their Appeals promptly after receiving a response to ensure timely receipt." *See www.bop.gov,* P.S. 1330.13, Administrative Remedy Program (effective date 8/6/2002), p. 8. The BOP will consider a late appeal upon a showing of a valid reason for the delay. See 28 C.F.R. § 542.15(a).

*Wall v. Holt*, 2007 WL 89000, at *1.

5

The Court's reasoning in *Wall* is persuasive and its finding governs here. Both the Code of Federal Regulations and the BOP's Administrative Remedy Program are unambiguous as to when a form BP-10 is considered filed. Furthermore, as Magistrate Judge Blewitt noted, Petitioner fails to put forth any evidence that prison officials interfered with his administrative filing. Petitioner Schreane failed to exhaust his administrative remedies before bringing this action, and so this Court cannot consider his petition.

### IV. Conclusion

For the above reasons, Magistrate Judge Blewitt's Report and Recommendation is *adopted*. An appropriate order follows.


October 30, 2014                                                    /s/ A. Richard Caputo
Date                                                                        A. Richard Caputo
                                                                                United States District Judge